## BARNEY & HINES *v.* JACKSON.

### [66 South. 426.]

BROKERS. *Compensation. Original or collateral promises. Fraud. Statute of frauds.*

> Where a vendor through a real estate agent had agreed with a purchaser for the sale of a parcel of land, and the agent claimed commissions for the sale which the vendor denied, and it was finally agreed that the vendor and purchaser should each pay one-half of the commissions to the agent and the sale was completed. In such case the promise of the vendor to pay the agent one-half of his commissions was not within the statutes of frauds.

APPEAL from the circuit court of Sunflower county.
HON. MONROE McCLURG, Judge.

Suit by Barney & Hines against W. T. Jackson. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*S. F. Davis,* for appellant.

If appellee agreed to pay one-half of the commission due the appellants, in consideration of Mr. W. W. Wieldon selling him the land at a price less than what he would otherwise have sold him the land for; and this agreement was made before the sale of the land was made, as J. H. Hines and W. W. Wieldon said it was, then he is liable; but if his testimony is true, then he is not liable; and the jury, and they alone, under proper instructions given them by the court, have the right to say whether appellee or Hines and Wieldon was telling the truth about it.

This case is so simple, the law so well settled, and so plain, that I am not going to take up the time of this court by citing them authority, or arguing things to

them that they already know, and have known for that matter, ever since they began the practice of law.

I submit, that this case should have gone to the jury, and for the error in the court below in granting a peremptory instruction for the defendant, it should be reversed.

*Herring & Wiley,* for appellee.

It is an undisputed fact that there was an agreement between appellants and W. W. Wieldon to the effect that Wieldon was to pay appellants the sum of three hundred dollars for their services in procuring a buyer for his lands in Sunflower county, Mississippi. While the testimony is conflicting as to whether appellee agreed to pay one-half of this debt which Wieldon was undoubtedly bound to pay under the law, yet we contend that, admitting for arguments sake that he did agree to pay it, he could not be compelled to do so under section 4775 of the Mississippi Code of 1906 and particularly paragraph (a) of said section, because the alleged promise was not in writing.

In the deposition of J. H. Hines in answer to interrogatory No. five, it will be seen that he used the following language: "We had arrangements previously made with Mr. Wieldon to pay us a commission on the sale in the event of a sale to a customer furnished by us." Now it seems from this that this debt had already been fastened upon Wieldon, and any verbal promise that appellee might have made to pay one-half of Wieldon's debt would be void and unenforceable under the above-mentioned Code section. We submit that the peremptory charge was properly given.

Cook, J., delivered the opinion of the court.

Appellants were engaged in the real estate business at Memphis, Tennessee. Mr. Wieldon, the owner of a parcel of land in Sunflower county, listed his land with appellants.

W. T. Jackson, appellee, went to appellants and inquired about land they had for sale. Appellants told him about the Wieldon land, and were making arrangements to show the land, when the owner, Mr. Wieldon, came into the office, and the prospective purchaser was turned over to the owner. The owner and the land seeker went to Sunflower county, and, after an inspection of the land, they agreed upon a price. They then went back to Memphis to prepare the deeds. When they told Barney & Hines about the trade, Barney & Hines claimed commissions of three hundred dollars. The owner refused to admit that he owed anything to Barney & Hines, and announced that the trade would be off before he would pay commissions. Barney & Hines talked the matter over with the owner and the prospective purchaser, and finally it was arranged so that appellee agreed to pay one hundred and fifty dollars, and Wieldon, the owner, agreed to pay one hundred and fifty dollars. Afterwards the deed was executed. This suit is for the one hundred and fifty dollars which appellee agreed to pay.

The story above stated was plaintiff's version of the transaction. Appellee, defendant below, denies the story *in toto* and in detail.

On this state of the record the trial court gave an instruction directing a verdict for defendant. The instruction was based on the theory that the promise to pay was within the statute of frauds, which we think was error. See *Lee* v. *Newman,* 55 Miss. 365.

*Reversed and remanded.*